DAVID B. GOLUBCHIK (SBN 185520)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyb.com; kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 15-30897 |
| UNITED PROSPERITY GROUP, INC. dba THE PRODUCE COMPANY, | Chapter 11 Case |
| Debtor and Debtor in Possession. | **DECLARATION OF SOO MING YEE IN SUPPORT OF FIRST DAY EMERGENCY MOTIONS** |
| | Date: To be set [July 17/20, 2015 requested]<br>Time: To be set [9:00 a.m. [Requested]<br>Place: U.S Bankruptcy Court<br>235 Pine St., 23rd Floor<br>Sa Francisco, CA 94101<br>Judge: The Hon. Hannah L. Blumenstiel |

I, Soo Ming Yee, hereby declare as follows:

1. I am the President of United Prosperity Group, Inc. dba The Produce Company, debtor and debtor in possession in the above-referenced chapter 11 case ("<u>Debtor</u>"). I have served in such capacity since commencement of operations by the Debtor and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. On July 13, 2015, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

**A. Background**

3. Debtor is a processor that specializes in providing fresh cut produce (fruits & vegetables) to manufacturers (to use as ingredients for other products) and distributors (for further distribution to entities such as restaurants, hotels, hospitals and airline carriers). Debtor's innovative techniques for washing, cleaning and processing cut products result in efficient and cost-effective solutions as compared to whole raw produce that requires washing, cleaning and processing. Debtor adds value to chefs and manufactures alike due to its purchasing power, the ready to use factor of cut produce, and reduced cost of labor related to processing produce.

4. JR Produce was an entity that engaged in a similar business as that of Debtor, on a much smaller scale and without the progressive techniques and capabilities employed by the Company. Based on lack of sufficient financial wherewithal, JR Produce ceased operations in mid-2008. In late 2008, Debtor approached JR Produce to purchase its operating equipment to start new operations. An agreement was reached pursuant to which Debtor purchased JR Produce's operating equipment and took over its lease of business premises.

5. I have been employed by the Debtor since its inception. Since the end of 2008, Debtor has worked tirelessly to, first create, and thereafter, grow its business.

From a startup in the end of 2008, Debtor has grown to the current level of 160-175 employees and revenues of $18-$20 million annually. Debtor has become a large part of the community, providing cut produce to numerous industries with distribution channels from San Francisco to Modesto, and from Monterey to Sacramento. Debtor has always remained current with its financial obligations to vendors and providing the highest level of product and customer service to its customers.

6. When JR Produce ceased operations, a class action wage and hour lawsuit was instituted against it, which resulted in a judgment of over $1.9 million. Several years after Debtor commenced its operations, the plaintiffs that acquired a judgment against JR Produce commenced the identical action against Debtor based on a theory of successor liability, in the Superior Court of California for the County of San Francisco (the "State Court"), Case No. CIV464121. Unfortunately for Debtor, the State Court issued a verdict in favor of the plaintiffs, thereby saddling Debtor with an unmanageable judgment of over $1.9 million retroactive to the original judgment, resulting in fees, costs and interest of hundreds of thousands of additional dollars. The judgment at issue is presently in excess of $2.5 million (the "Judgment").

7. We sought to negotiate a resolution with the plaintiffs to avoid disruption to its operations. The plaintiffs, however, did not engage in settlement discussions and, instead, commenced levy actions against Debtor.

8. The plaintiffs' execution on, and efforts to enforce, the Judgment directly and immediately threatens Debtor's ability to continue operating as a going concern. On Monday, June 22, 2015, plaintiffs levied on UPG's bank accounts at Umpqua and Wells Fargo Bank based on the Judgment entered in the State Court on May 27, 2015. Plaintiffs' levies netted approximately $268,000 (the "Funds"), almost all of which was already obligated to Debtor's employees, producers and vendors. As a result of the levy, Debtor was unable to pay payroll to over 100 employees, and the payments to these employees bounced because the account funds were depleted. Approximately 20 payments to vendors totaling more than $100,000 similarly bounced. Other vendors

with outstanding checks were contacted and asked to hold checks for deposit. The fees on the approximately 160 bounced checks itself totals over $5,500. The Funds are currently in the possession of the San Francisco Sheriff's Department (the "<u>Sheriff</u>") as Levy No. 2015-428-556.

**B.     Debtor's Primary Assets And Liabilities**

9.     On the Petition Date, the Debtor's assets consisted of:

- Cash in the approximate amount of $347,000;
- Accounts receivable in the approximate amount of $1,117,000;
- Inventory in the approximate amount of $148,000; and
- Furnishings, fixtures and equipment in the approximate amount of $700,000, based on book value).

10.     Based on the foregoing, the Debtor's asset base totals approximately $2,312,000. Once the Debtor is successful in recovery of the Funds, the asset base will increase by $268,000 to approximately $2,580,000

11.     The Debtor's secured debt is composed of a first priority security interest in favor of Umpqua Bank ("<u>UB</u>") to secure an obligation in the approximate amount of $292,000 and a second priority security interest in favor of Wise Worth Consultants LTD ("<u>Wise</u>") in the amount of $100,000, for total secured debt in the approximate amount of $392,000.

12.     In addition to the foregoing, approximately one (1) month prior to the Petition Date, the plaintiffs recorded an abstract of judgment to secure an asserted obligation of over $2.5 million. The judgment is currently subject to a pending appeal, which has been stayed in light of the bankruptcy filing.

13.     Moreover, based on the fact that the Debtor is in the fresh produce business, the Debtor has many PACA creditors. Although the Debtor has remained generally current on its PACA obligations, such ordinary course obligations are generally in the range of $1 million at any given point in time in the Debtor's business.

14. Finally, other than the disputed judgment claim of the plaintiffs in the amount of more than $2.5 million, which plaintiffs potentially assert is a secured claim on the basis of a recorded abstract of judgment (but which recordation constitutes an avoidable transfer), Debtor has approximately $400,000 of general unsecured debt.

**C.     Cash Collateral Motion**

15. In connection with business operations, the Debtor must have access to cash to pay its employees, vendors, utilities, taxes and other ordinary business expenses. However, all such funds are subject to recorded liens in favor of UB and Wise. I have personally discussed the bankruptcy and need for use of cash collateral with representatives of UB and Wise and, based on such discussions, I believe that they will consent to use of cash collateral. Draft cash collateral stipulations are being circulated at this time.

16. If the Debtor is not permitted to use cash collateral to maintain and operate its business, it is a virtual certainty that this estate will be liquidated. Specifically, without use of cash collateral and the ability to operate, Debtor will not be able to compensate employees, purchase merchandise, and ship merchandise to customers, thereby losing its customer base. Moreover, without use of cash collateral, it is likely that all liquidation proceeds will be seized by PACA creditors based on the trust fund theory for PACA obligations, thereby depriving all other creditors to a recovery. Even if the Debtor is deprived use of cash collateral on a limited time basis, I believe that the public perception associated with the foregoing, including delays in daily receipt and shipment of product, will certainly hurt, if not eviscerate, the Debtor's business, thereby reducing the value of the estate and potential recovery to creditors.

17. The operating expenses that the Debtor must be able to pay during the pendency of this case is set forth in the budget ("<u>Budget</u>") attached hereto as **Exhibit "1"**. I was personally involved in analyzing the Debtor's financials and formulating the Budget. The Budget reflects the Debtor's ordinary and necessary operating expenses that must be paid post petition to preserve the Debtor's business. While the Budget represent the Debtor's best

5

estimates of such expenses, the needs of the businesses may fluctuate. Thus, I hereby seek authority to deviate from the total expenses contained in the Budget by no more than 15% on a line-item and cumulative basis without the need for further Court order.

18. The Budget also includes payments to the Debtor's PACA creditors, which include pre-petition and post-petition services. My understanding is that PACA law provides for a trust fund theory pursuant to which revenue of the Debtor may not constitute property of the estate but rather non-estate trust funds primarily for satisfaction of PACA claims. By remaining current on its obligations to PACA creditors, I believe that the Debtor will be able to operate its business for the benefit of the estate and all creditors.

19. The use of cash collateral is critical to the Debtor's ability to implement an effective reorganization strategy for the benefit of all creditors. As demonstrated herein, the use of the Debtor's cash collateral, in accordance with the Budget, will preserve and maximize the Debtor's assets for the benefit of the estate and all creditors.

20. In the exercise of my business judgment as President of the Debtor, I believe that use of cash collateral, including paying PACA obligations in the ordinary course of business, is necessary and proper in this case.

**D.    Wage Motion**

21. Pursuant to the Wage Motion, I hereby request Court authority to pay Wages and honor pre-petition accrued vacation and leave benefits in the ordinary course of Debtor's business, provided that no employee shall receive in value over $12,475 on account of the foregoing pre-petition claims, with respect to employees that continue to provide services to the Debtor, and excluding any insiders of the Debtor. I also seek Court authority to pay payroll taxes related to the Wages.

22. Debtor cannot continue to operate and reorganize without its employees. It is crucial for the Debtor to retain the employees to operate the Debtor's business. If the Debtor does not continue to pay the employees their ordinary and earned Wages and continue to honor employee benefits, the employees will likely quit. Without the

Case: 15-30897    Doc# 11    Filed: 07/15/15    Entered: 07/15/15 15:21:01    Page 6 of 19

6

employees, the Debtor's business will be severely impaired, if not eviscerated altogether. The Debtor must retain the employees to remain in business and preserve the value of the Debtor's assets for the benefit of all creditors.

23. Debtor typically pays its respective employees' Wages twice per month, on the 20th of each month for the pay period of the first of the month to the fifteenth of the month, and on the 5th of the following month for the pay period of the sixteenth of the prior month through the end of the prior month.

24. On Monday, July 20, 2015, Debtor is scheduled to pay Wages earned during the period of July 1, 2015, through July 15, 2015. The Wages earned during the period of July 1, 2015 through July 13, 2015 constitute pre-petition Wages.

25. The approximate amount of wages plus payroll taxes and related obligations that Debtor will owe on July 20, 2015, is $196,980.13, as set forth in **Exhibits "1"** and **"2"** hereto. Of that amount, approximately $163,245.13 is comprised of pre-petition Wages, payroll taxes and related obligations.

26. The source of the funds to be used to pay and/or honor the pre-petition Wages and accrued vacation and leave benefits of the employees will be Debtor's cash on hand and revenues from operations. I believe that the Debtor's cash on hand (including levied funds which must be returned to Debtor) are sufficient to pay the Wages without rendering Debtor's estate administratively insolvent, as evidenced in **Exhibit "1"** hereto. Debtor is current with its payroll obligations, and I am seeking Court approval to pay the Wages solely due to the timing of its bankruptcy filing as compared to Debtor's payroll schedule.

27. In the exercise of my business judgment as President of the Debtor, I believe that payment of non-insider employee's payroll in the ordinary course of business is necessary and proper to preserve, maintain and maximize the value of the Debtor's business and its assets for the benefit of all creditors.

### E. Turnover Motion

28. As discussed above, this Chapter 11 case was filed in response to a levy by the Sheriff stemming from the class action plaintiff's judgment enforcement actions. To the best of my knowledge, the Sheriff continues to hold the Funds. Debtor was forced to commence this bankruptcy case to stay such enforcement efforts to avoid irreparable harm to the Company, its vendors, its lenders and its customer base.

29. Through the instant case, Debtor intends to restructure its financial affairs to emerge as a stronger and healthier company free of litigation to continue to be an important part of its community. In order for Debtor to be able to achieve these goals, Debtor requires immediate access to the Funds. As set forth in the projections attached hereto as **Exhibit "1"**, the Funds are necessary for payroll in Week 1, which will allow the Debtor to operate cash flow positive.

30. Because the Funds consist of a substantial amount (over $268,000) and because such funds are necessary for the Debtor's reorganization efforts, I respectfully request that the Court enter an order compelling the Sheriff to turn over the Funds to the Debtor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July 2015 in South San Francisco, California.

_____
SOO MING YEE

**EXHIBIT "1"**

# DBA The Produce Company
## Profit & Loss
### March 29 through June 27, 2015

| | Week 14-Jul Actual Total | Week 21-Jul Actual Total | Week 28-Jul Actual Total | Week 4-Aug Actual Total | Week 11-Aug Actual Total | Week 18-Aug Actual Total | Week 25-Aug Actual Total | Week 1-Sep Actual Total | Week 8-Sep Actual Total | Week 15-Sep Actual Total | Week 22-Sep Actual Total | Week 29-Sep Actual Total | Week 6-Oct Actual Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **OPERATING CASH RECEIPTS** | | | | | | | | | | | | | |
| Cash Sales | | | | | | | | | | | | | |
| Collection of A/R | 200,000.00 | 270,000.00 | 400,853.36 | 325,000.00 | 325,000.00 | 300,000.00 | 410,000.00 | 295,163.13 | 300,000.00 | 250,000.00 | 350,000.00 | 300,000.00 | 275,000.00 |
| Other Cash Inflows | 268,095.00 | | | | | | | | 100,000.00 | | | | |
| **OPERATING CASH RECEIPTS** | 468,095.00 | 270,000.00 | 400,853.36 | 325,000.00 | 325,000.00 | 300,000.00 | 410,000.00 | 295,163.13 | 400,000.00 | 250,000.00 | 350,000.00 | 300,000.00 | 275,000.00 |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | |
| Cost of Sales | | | | | | | | | | | | | |
| Raw Material & Packaging | | | | | | | | | | | | | |
| PACA Prefilling | | 180,000.00 | 25,000.00 | 100,000.00 | 10,000.00 | 40,000.00 | 10,000.00 | 70,000.00 | 20,000.00 | 20,000.00 | 6,000.00 | 50,000.00 | 50,000.00 |
| Purchasing Postfilling | | 20,000.00 | 100,000.00 | 180,000.00 | 190,000.00 | 200,000.00 | 150,000.00 | 200,000.00 | 168,000.00 | 200,000.00 | 200,000.00 | 150,000.00 | 200,000.00 |
| Liability Insurance | | | | 1,110.33 | | | | | | 1,110.33 | | | 1,110.33 |
| Production Supplies | | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Equipment Maintenance | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Rent | | | 29,295.00 | 0.00 | 0.00 | 0.00 | 29,295.00 | 0.00 | 0.00 | 0.00 | 0.00 | 29,295.00 | 0.00 |
| Utilities | | 4,342.08 | 0.00 | 5,013.42 | 5,012.13 | 0.00 | 5,563.04 | 6,355.72 | 7.84 | 4,908.54 | 6,262.71 | 0.00 | 7,759.49 |
| Trash | | 8,817.24 | 0.00 | 0.00 | 3,325.00 | 0.00 | 8,817.24 | 0.00 | 0.00 | 3,325.00 | 0.00 | 8,817.24 | |
| Pest Control | | 0.00 | 0.00 | 380.00 | 0.00 | 0.00 | 0.00 | 380.00 | 0.00 | 0.00 | 0.00 | 380.00 | 0.00 |
| Contractors & Temps | | 1,135.28 | 1,131.16 | 1,132.59 | 1,136.71 | 1,248.20 | 1,251.50 | 913.50 | 6,005.88 | 2,848.02 | 1,361.41 | 2,570.85 | 1,809.89 |
| Equipment Rental & Maint | | 4,000.00 | | | | 4,000.00 | | | | | 4,000.00 | | |
| Utility Deposit | | | | 16,000.00 | | | | | | | | | |
| Telephone&Cell Phone | | | 890.00 | | | | 890.00 | | | | | 890.00 | |
| Bank Fee | | | 80.00 | | | | 80.00 | | | | | | |
| **Total Cost of Sales** | | 222,294.60 | 160,396.16 | 307,636.34 | 213,473.84 | 249,248.20 | 209,896.78 | 281,649.22 | 199,124.05 | 235,081.56 | 221,624.12 | 246,033.09 | 264,679.71 |
| Transportation Expenses | | | | | | | | | | | | | |
| Vehicle Fuel | | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 |
| Truck Rental | | 0.00 | 0.00 | 3,409.23 | 9,251.39 | 0.00 | 0.00 | 2,492.50 | 0.00 | 9,578.87 | 0.00 | 3,008.50 | 0.00 |
| Toll | | | 1,245.00 | | | | 1,245.00 | | | | | 1,245.00 | |
| Motor Insurance | | | | 2,380.93 | | | | | | 2,380.93 | | | 2,380.93 |
| Other Vehicle Costs | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| **Total Transportation Expenses** | 0.00 | 3,400.00 | 4,645.00 | 9,190.16 | 12,651.39 | 3,400.00 | 4,645.00 | 5,892.50 | 5,780.93 | 12,978.87 | 3,400.00 | 7,653.50 | 5,780.93 |
| Payroll and Related | | | | | | | | | | | | | |
| Payroll (incl. 401K & Taxes) | 188,571.90 | 0.00 | 182,563.66 | 0.00 | 190,910.43 | 0.00 | 198,642.56 | 0.00 | 185,014.67 | 0.00 | 181,242.97 | 823.04 | 0.00 |
| Health Insurance | 375.08 | 0.00 | 375.08 | 0.00 | 375.08 | 0.00 | 375.08 | 0.00 | 375.08 | 0.00 | 375.08 | 0.00 | 0.00 |
| Workers Comp | | 40,000.00 | 40,000.00 | | | 40,000.00 | 40,000.00 | | | | 40,000.00 | 40,000.00 | |
| Payroll UI and ETT Taxes | | | 11,121.86 | | | | | | | | | | |
| **Total Payroll and Related** | 188,946.98 | 40,000.00 | 234,060.60 | 0.00 | 191,285.51 | 40,000.00 | 239,017.64 | 0.00 | 185,389.75 | 0.00 | 221,618.05 | 40,823.04 | 0.00 |
| Adequate Protection Umpqua for Loan Payment | | | 7,008.64 | | | | 7,008.64 | | | | 7,008.64 | | |
| Capital Lease Equipment Payment | 3,674.33 | 1,645.01 | 584.82 | 2,827.42 | 3,674.33 | 1,645.01 | 584.82 | 2,827.42 | 3,674.33 | 1,645.01 | 584.82 | 2,827.42 | 3,674.33 |
| **Net Cash Flow** | 275,473.69 | 2,660.39 | 1,166.78 | 5,346.08 | -96,085.07 | 5,706.79 | -44,144.24 | 4,793.99 | 6,030.94 | 294.56 | -97,226.99 | 2,662.95 | 865.03 |
| **Asset Base Analysis** | | | | | | | | | | | | | |
| Starting Cash | 346,894.10 | 622,367.79 | 625,028.18 | 626,194.96 | 631,541.04 | 535,455.97 | 541,162.76 | 497,018.52 | 501,812.51 | 507,843.45 | 508,138.01 | 410,911.02 | 413,573.97 |
| Change in Cash | 275,473.69 | 2,660.39 | 1,166.78 | 5,346.08 | -96,085.07 | 5,706.79 | -44,144.24 | 4,793.99 | 6,030.94 | 294.56 | -97,226.99 | 2,662.95 | 865.03 |
| Ending Cash | 622,367.79 | 625,028.18 | 626,194.96 | 631,541.04 | 535,455.97 | 541,162.76 | 497,018.52 | 501,812.51 | 507,843.45 | 508,138.01 | 410,911.02 | 413,573.97 | 414,439.00 |
| Starting A/R | 1,117,707.68 | 1,195,447.68 | 1,225,447.68 | 1,124,594.32 | 1,099,594.32 | 1,074,594.32 | 1,074,594.32 | 964,594.32 | 1,019,431.19 | 1,069,431.19 | 1,169,431.19 | 1,169,431.19 | 1,219,431.19 |
| Incremental AR | 277,740.00 | 300,000.00 | 300,000.00 | 300,000.00 | 300,000.00 | 300,000.00 | 300,000.00 | 350,000.00 | 350,000.00 | 350,000.00 | 350,000.00 | 350,000.00 | 350,000.00 |

# DBA The Produce Company
## Profit & Loss
### March 29 through June 27, 2015

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A/R Collected | -200,000.00 | -270,000.00 | -400,853.36 | -325,000.00 | -325,000.00 | -300,000.00 | -410,000.00 | -295,163.13 | -300,000.00 | -250,000.00 | -350,000.00 | -300,000.00 | -275,000.00 |
| Ending A/R | 1,195,447.68 | 1,225,447.68 | 1,124,594.32 | 1,099,594.32 | 1,074,594.32 | 1,074,594.32 | 964,594.32 | 1,019,431.19 | 1,069,431.19 | 1,169,431.19 | 1,169,431.19 | 1,219,431.19 | 1,294,431.19 |
| | | | | | | | | | | | | | |
| Starting Inventory | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 |
| Change in Inventory | -20,000.00 | 20,000.00 | -20,000.00 | 20,000.00 | -20,000.00 | 20,000.00 | -20,000.00 | 20,000.00 | -20,000.00 | 20,000.00 | -20,000.00 | 20,000.00 | -20,000.00 |
| Ending Inventory | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 | 148,348.88 | 128,348.88 |
| | | | | | | | | | | | | | |
| Furnishings, Fixtures & Equipment (Book Value) | | | | | | | | | | | | | |
| Capital Leasing Equipment (disguised security agmt) | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 | 325,349.25 |
| Other Equipment | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 | 377,319.43 |
| **Total Asset Base** | 2,648,833.0 | 2,701,493.4 | 2,581,806.8 | 2,582,152.9 | 2,441,067.9 | 2,466,774.6 | 2,292,630.4 | 2,372,261.3 | 2,408,292.2 | 2,528,586.8 | 2,411,359.8 | 2,484,022.7 | 2,539,887.8 |

# EXHIBIT "2"

## SUMMARY EMPLOYEE PRE-PETITION WAGE REPORT

| | 7/1/15-7/12/15 | 7/13/15 Estimate (May be subject to change) | Total |
|---|---|---|---|
| *Names of Employees Omitted for | $1,279.05 | $119.97 | $1,399.03 |
| Privacy Reasons.  Available to the | 1,142.84 | 108.65 | $1,251.49 |
| Court upon Request | 1,173.01 | 118.75 | $1,291.76 |
| | 1,249.50 | 0.00 | $1,249.50 |
| ** The amounts set forth herein | 921.47 | 0.00 | $921.47 |
| are comprised of wages and tax | 763.43 | 107.24 | $870.66 |
| withholdings, but do not | 1,067.22 | 108.32 | $1,175.54 |
| include employer's portion of | 1,126.29 | 107.17 | $1,233.46 |
| payroll taxes. | 3,750.00 | 0.00 | $3,750.00 |
| | 2,006.67 | 0.00 | $2,006.67 |
| | 881.95 | 97.55 | $979.50 |
| | 938.70 | 0.00 | $938.70 |
| | 692.96 | 109.67 | $802.62 |
| | 910.35 | 111.83 | $1,022.18 |
| | 1,092.87 | 109.13 | $1,202.00 |
| | 861.21 | 111.29 | $972.50 |
| | 1,583.33 | 0.00 | $1,583.33 |
| | 586.80 | 73.62 | $660.42 |
| | 1,033.88 | 108.74 | $1,142.62 |
| | 1,530.90 | 208.88 | $1,739.78 |
| | 1,089.00 | 0.00 | $1,089.00 |
| | 1,014.59 | 0.00 | $1,014.59 |
| | 1,491.05 | 141.63 | $1,632.68 |
| | 902.88 | 117.47 | $1,020.35 |
| | 625.86 | 95.36 | $721.22 |
| | 1,742.23 | 0.00 | $1,742.23 |
| | 1,251.11 | 196.56 | $1,447.67 |
| | 1,173.02 | 0.00 | $1,173.02 |
| | 945.54 | 149.82 | $1,095.36 |
| | 1,116.30 | 128.30 | $1,244.60 |
| | 792.05 | 0.00 | $792.05 |
| | 1,682.38 | 157.00 | $1,839.38 |
| | 767.21 | 107.10 | $874.31 |
| | 773.20 | 95.00 | $868.20 |
| | 1,019.21 | 109.67 | $1,128.87 |
| | 4,000.00 | 0.00 | $4,000.00 |
| | 792.28 | 0.00 | $792.28 |
| | 1,319.55 | 113.55 | $1,433.10 |
| | 1,150.15 | 108.33 | $1,258.49 |
| | 1,356.56 | 140.72 | $1,497.28 |
| | 998.37 | 78.08 | $1,076.45 |
| | 869.70 | 0.00 | $869.70 |
| | 927.41 | 99.81 | $1,027.22 |
| | 780.10 | 97.40 | $877.50 |
| | 855.14 | 106.98 | $962.12 |
| | 0.00 | 0.00 | $0.00 |
| | 870.01 | 117.90 | $987.91 |
| | 1,042.50 | 0.00 | $1,042.50 |
| | 1,105.10 | 41.00 | $1,146.10 |
| | 2,166.67 | 0.00 | $2,166.67 |
| | 1,146.04 | 104.17 | $1,250.21 |

# SUMMARY EMPLOYEE PRE-PETITION WAGE REPORT

| | 7/1/15-7/12/15 | 7/13/15 Estimate (May be subject to change) | Total |
|---|---|---|---|
| | 860.42 | 114.40 | $974.82 |
| | 1,742.25 | 0.00 | $1,742.25 |
| | 622.62 | 110.61 | $733.23 |
| | 613.08 | 109.40 | $722.48 |
| | 957.02 | 109.13 | $1,066.15 |
| | 1,497.96 | 155.04 | $1,653.00 |
| | 984.16 | 110.56 | $1,094.72 |
| | 2,077.39 | 206.64 | $2,284.03 |
| | 532.10 | 53.30 | $585.40 |
| | 743.87 | 129.68 | $873.55 |
| | 819.19 | 92.53 | $911.72 |
| | 325.80 | 0.00 | $325.80 |
| | 2,754.17 | 0.00 | $2,754.17 |
| | 3,750.00 | 0.00 | $3,750.00 |
| | 0.00 | 0.00 | $0.00 |
| | 858.99 | 97.38 | $956.37 |
| | 1,213.24 | 193.90 | $1,407.14 |
| | 961.19 | 106.14 | $1,067.33 |
| | 712.86 | 101.04 | $813.90 |
| | 1,503.23 | 199.32 | $1,702.55 |
| | 587.37 | 113.65 | $701.02 |
| | 710.36 | 151.63 | $861.99 |
| | 821.35 | 115.47 | $936.82 |
| | 1,138.83 | 137.01 | $1,275.84 |
| | 760.67 | 105.31 | $865.98 |
| | 779.04 | 112.11 | $891.15 |
| | 184.50 | 0.00 | $184.50 |
| | 1,750.00 | 0.00 | $1,750.00 |
| | 927.41 | 108.05 | $1,035.45 |
| | 1,160.37 | 0.00 | $1,160.37 |
| | 1,103.73 | 110.24 | $1,213.97 |
| | 619.40 | 78.14 | $697.54 |
| | 879.51 | 110.14 | $989.65 |
| | 965.48 | 98.60 | $1,064.07 |
| | 1,040.07 | 123.70 | $1,163.76 |
| | 645.55 | 80.60 | $726.15 |
| | 792.68 | 0.00 | $792.68 |
| | 946.09 | 0.00 | $946.09 |
| | 1,019.61 | 0.00 | $1,019.61 |
| | 1,073.66 | 113.37 | $1,187.03 |
| | 1,248.52 | 144.76 | $1,393.28 |
| | 498.80 | 77.19 | $575.99 |
| | 2,583.33 | 0.00 | $2,583.33 |
| | 896.09 | 117.75 | $1,013.84 |
| | 926.51 | 0.00 | $926.51 |
| | 34.51 | 0.00 | $34.51 |
| | 1,500.00 | 0.00 | $1,500.00 |
| | 770.20 | 94.25 | $864.45 |
| | 902.51 | 117.06 | $1,019.57 |
| | 1,167.53 | 102.24 | $1,269.77 |
| | 1,001.28 | 127.27 | $1,128.55 |

## SUMMARY EMPLOYEE PRE-PETITION WAGE REPORT

|  | 7/1/15-7/12/15 | 7/13/15 Estimate (May be subject to change) | Total |
|---|---:|---:|---:|
|  | 947.34 | 101.31 | $1,048.65 |
|  | 916.83 | 109.26 | $1,026.09 |
|  | 786.69 | 0.00 | $786.69 |
|  | 516.42 | 67.23 | $583.65 |
|  | 606.08 | 120.00 | $726.08 |
|  | 984.01 | 126.84 | $1,110.85 |
|  | 327.24 | 0.00 | $327.24 |
|  | 1,037.75 | 109.53 | $1,147.28 |
|  | 924.40 | 115.19 | $1,039.59 |
|  | 624.65 | 103.55 | $728.20 |
|  | 1,457.50 | 0.00 | $1,457.50 |
|  | 900.95 | 0.00 | $900.95 |
|  | 790.38 | 95.63 | $886.01 |
|  | 998.33 | 109.53 | $1,107.86 |
|  | 792.86 | 107.10 | $899.96 |
|  | 1,138.61 | 0.00 | $1,138.61 |
|  | 957.92 | 106.70 | $1,064.61 |
|  | 802.13 | 106.97 | $909.09 |
|  | 987.66 | 111.56 | $1,099.22 |
|  | 576.72 | 109.67 | $686.39 |
|  | 759.15 | 0.00 | $759.15 |
|  | 0.00 | 0.00 | $0.00 |
|  | 1,012.70 | 125.97 | $1,138.67 |
|  | 991.98 | 0.00 | $991.98 |
|  | 867.06 | 107.24 | $974.30 |
|  | 1,061.06 | 115.47 | $1,176.53 |
| **Total** | **$135,088.41** | **$10,082.89** | **$145,171.30** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DECLARATION OF SOO MING YEE IN SUPPORT OF FIRST DAY EMERGENCY MOTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 15, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M. Arnold    TMA@lnbrb.com
- Julie M. Glosson    julie.m.glosson@usdoj.gov
- David B. Golubchik    dbg@lnbrb.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com

**2. SERVED BY UNITED STATES MAIL**: On **July 15, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 15, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 15, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| Yang Wei Xi Produce<br>815 Larkspur Dr.<br>Millbrae, CA 94030-0000 | Wise Worth Consultants, LTD<br>3A King George V Avenue<br>Floreal, Mauritius, | What a Tomato<br>2055 Jerrold Avenue<br>San Francisco, CA 94124-0000 |
| Veritable Vegetable<br>1100 Cesar Chavez Street<br>San Francisco, CA 94124-1214 | Umpqua Financial Pacific Leasing<br>P.O. Box 749642<br>Los Angeles, CA 90074-9642 | Umpqua Bank<br>PO Box 2109<br>Portland, OR 97208-2109 |
| Toyota Financial Services<br>PO Box 60116<br>City of Industry, CA 91716-0116 | Thermo Fisher Financial Services, Inc.<br>81 Wyman St.<br>Waltham, MA 02454-0000 | Stanley Produce<br>1975 Jerrold Avenue<br>San Francisco, CA 94124-0000 |
| Shasta Produce<br>PO Box 2328<br>South San Francisco, CA 94083-2328 | Sequoia Sales Produce<br>P.O. Box 728<br>Millbrae, CA 94030-0000 | S&S Marketing and Sales Inc.<br>P.O. Box 3890<br>Salinas, CA 93912-0000 |
| Rigo's Produce<br>131 Terminal Court #48<br>So. San Francisco, CA 94080-0000 | Redwood Produce, Inc.<br>P.O. Box 3145<br>Redwood City, CA 94064-0000 | Ratto Bros., Inc.<br>P.O. Box# 146<br>Salida, CA 95368-0146 |
| Pro*Act LLC<br>24560 Silver Cloud Court<br>Monterey, CA 93940-6536 | Petra Produce Inc.<br>P.O. Box 2265<br>So. San Francisco, CA 94083-0000 | Pablo's Produce, Inc.<br>P.O. Box 829<br>Oxnard, CA 93032-0000 |
| NMHG Financial Services-forklift<br>P.O. Box 643749<br>Pittsburgh, PA 15264-3749 | NHMG Financial Services-PalletJack<br>P.O. Box 643749<br>Pittsburgh, PA 15264-3749 | Millard Sales<br>255 Wildwood Wy.<br>Salinas, CA 93908-0000 |
| Landsberg Co.<br>PO Box 101144<br>Pasadena, CA 91189-1144 | J.C. Cheyne & Co<br>155 Terminal Court-Unit 38<br>So. San Francisco, CA 94080-0000 | J. Gomez Produce Inc.<br>131 Terminal Ct., Stall 35<br>South San Francisco, CA 94080-0000 |
| Isuzu Finance of America, Inc.<br>7865 Solution Center<br>Chicago, IL 60677-7008 | InterFresh, Inc.<br>2019 W. Orangewood Avenue<br>Orange, CA 92868-0000 | Guan's Mushroom Co.<br>P.O. Box 2861<br>Fremont, CA 94536-0000 |
| GreenLeaf<br>453 Valley Drive<br>Brisbane, CA 94005-1209 | Greenfield Fresh, Inc.<br>2910 Camino Diablo, Ste. 100<br>Walnut Creek, CA 94597-0000 | Grant J. Hunt Company<br>P.O. Box 23545<br>Oakland, CA 94623-0545 |

| | | |
|---|---|---|
| General Produce Co., Ltd.<br>P.O. Box 308<br>Sacramento, CA 95812-0000 | G.W. Palmer & Co., Inc.<br>231 Pomeroy St Suite F<br>Pismo Beach, CA 93449-0000 | Franzella Produce Inc.<br>Golden Gate Produce Terminal #55-56<br>P.O. Box 2285<br>So. San Francisco, CA 94080-0000 |
| Franzella Distributing<br>Golden Gate Produce Terminal<br>P.O. Box 2007<br>So. San Francisco, CA 94083-0000 | Dan Avila & Sons<br>2718 Roberts Road<br>Ceres, CA 95307-0000 | Coosemans San Francisco, Inc.<br>P.O. Box 11219<br>Tampa, FL 33680-0000 |
| Coast Tropical III<br>229 Littlefield Avenue, Unit 1<br>Edgewater Distribution Center<br>S. San Francisco, CA 94080-0000 | Classic Salads<br>525 Old Natividad<br>Salinas, CA 93908-0000 | California Endive Farms<br>P.O. Box 638<br>Rio Vista, CA 94571-0000 |
| Cali Fresh Produce -SF<br>125 Terminal Court#40C<br>So. San Francisco, CA 94080-0000 | C.B. Edulis<br>131 Terminal Court unit No. 43, 45<br>So. San Francisco, CA 94080-0000 | Brother's Produce<br>125 Terminal Court - Stall 63<br>Golden Gate Produce Terminal<br>So. San Francisco, CA 94080-0000 |
| Bonita Packing Company, Inc.<br>PO Box 748010<br>Los Angeles, CA 90074-8010 | Berti Produce S. F. Co.<br>1960 Jerrold Ave.<br>San Francisco, CA 94124-0000 | Bay Area Herbs & Specialties (BAHS)<br>Golden Gate Produce Terminal,<br>Unit 40A<br>So. San Francisco, CA 94083-0000 |
| Banner Fruit Co.<br>Golden Gate Produce Terminal<br>P.O. Box 2971<br>South San Francisco, CA 94083-2971 | B&P Packing Co., Inc.<br>300 Nestles RD.<br>PO Box 847<br>Soledad, CA 93960-0000 | Jauna Chavez, Luis Cabrera aka Luis Rea,<br>Martin Calamateo Cruz, Jose Hernandez, &<br>Certified Class c/o Liberation Law Group<br>2760 Mission Street<br>San Francisco, CA 94110-0000 |
| Kahn Enterprises, LLC.<br>1200 Gough Street, Suite 900<br>San Francisco, CA 94109 | International Paper<br>P.O. box 31001-0780<br>Pasadena, CA 91110-0780 | Landsberg Co.<br>PO Box 101144<br>Pasadena, CA 91189-1144 |
| Law Offices of Randolf Krbechek<br>9477 N. Fort Washington<br>Road, Suite 104<br>Fresno, CA 93730 | Oakland Package & Supply<br>3200 Regatta Blvd., Suite F<br>Richmond, CA 94804 | Z4-Casewell, Bell &Hillison<br>5200 North Palm Avenue<br>Suite 211<br>Fresno, CA 93704 |
| Lone Tree Trucking, Inc.<br>P.O. Box 321<br>Byron, CA 94514 | Global Supply Company<br>P.O.Box 3398<br>Hayward, CA 94545 | Harry's Refrigeration<br>131 Jasper PL<br>San Francisco, CA 94133 |
| Pro-Western Plastics Ltd.<br>30 RIEL DRIVE<br>P.O. BOX 261<br>ST. ALBERT, AB T8N 1N3 | PG & E-Shared Electric<br>Box 997300<br>Sacramento, CA 95899-7300 | ChemStation<br>1448 N Shaw Road<br>Stockton, CA 95215 |

| | | |
|---|---|---|
| SSF Scavenger Company, Inc.<br>PO Box 348<br>South San Francisco, CA 94083 | Drew-Massa Transportation<br>P.O. Box 6982<br>Salinas, CA 93912 | California Water Service Company<br>341 North Delaware<br>San Mateo, CA 94401 |
| XTRA Companies, Inc.<br>PO Box 99262<br>Chicago, IL 60693-9262 | Select Staffing<br>PO Box 512007<br>Los Angeles, CA 90051-0007 | Allied Insurance<br>PO Box 514540<br>Los Angeles, CA 90051-4540 |
| Flyers Energy, LLC<br>Dept 34516<br>PO Box 39000<br>San Francisco, CA 94139 | *Counsel for Wise Worth*<br>Gary Gitlin, Esq.<br>15760 Ventura Blvd., Ste. 1200<br>Encino, California 91436 | *Counsel For Class Action Plaintiffs*<br>Arlo Garcia Uriarte<br>Liberation Law Group, P.C.<br>2760 Mission Street<br>San Francisco, CA 94110 |
| San Francisco Sheriff's Dept.<br>Attn: Levy's - Sherry<br>San Francisco City Hall<br>1 Dr Carlton B Goodlett Pl # 456<br>San Francisco, CA 94102 | Julie M. Glosson<br>Office of the United States Trustee<br>235 Pine St. #700<br>San Francisco, CA 94104 | Urschel Laboratories Inc.<br>P.O. Box 96319<br>Chicago IL 60693 |