1  DAVID B. GOLUBCHIK (SBN 185520)
   KRIKOR J. MESHEFEJIAN (SBN 255030)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244
   Email: dbg@lnbyb.com; kjm@lnbyb.com
5

6  Attorneys for Chapter 11 Debtor and Debtor in Possession

7

8             UNITED STATES BANKRUPTCY COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  In re:                          ) Case No. 3:15-bk-30897
                                     )
12  UNITED PROSPERITY GROUP, INC. dba ) Chapter 11 Case
    THE PRODUCE COMPANY,             )
13                                   )
                                     ) **APPLICATION OF DEBTOR FOR**
14      Debtor and Debtor in Possession. ) **ORDER UNDER 11 U.S.C. §§ 327, 328**
                                     ) **AND 330 AUTHORIZING THE**
15                                   ) **RETENTION OF GLASS RATNER**
                                     ) **ADVISORY & CAPITAL GROUP, LLC**
16                                   ) **AS FINANCIAL ADVISOR AND**
                                     ) **INVESTMENT BANKER TO DEBTOR**
17                                   )
                                     ) [NO HEARING REQUIRED]
18                                   )
                                     )
19                                   )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )
                                     )
26                                   )
27

28

United Prosperity Group, Inc. dba The Produce Company, debtor and debtor in possession in the above-referenced chapter 11 case ("Debtor"), hereby submits this Application to employ GlassRatner Advisory & Capital Group, LLC ("GR") as Financial Advisor and Investment Banker To Debtor, with such employment to be effective as of October 5, 2015. This Application is brought pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Guidelines of the Office of the United States Trustee ("UST Guidelines"). This Application is supported by the *Declaration of Adam Meislik* ("Declaration") filed concurrently with this Application. A copy of the proposed order in support of this Application is attached as **Exhibit "A"** to this Application.

## JURISDICTION

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409.

## STATEMENT OF THE CASE

**A.** **General Background Information And Discussion Of Events Leading To Bankruptcy Filing.**

Debtor is a processor that specializes in providing fresh cut produce (fruits & vegetables) to manufacturers (to use as ingredients for other products) and distributors (for further distribution to entities such as restaurants, hotels, hospitals and airline carriers). Debtor's innovative techniques for washing, cleaning and processing cut products result in efficient and cost-effective solutions as compared to whole raw produce that requires washing, cleaning and processing. Debtor adds value to chefs and manufactures alike due to its purchasing power, the ready to use factor of cut produce, and reduced cost of labor related to processing produce.

JR Produce was an entity that engaged in a similar business as that of Debtor, on a much smaller scale and without the progressive techniques and capabilities employed by the Company. Based on lack of sufficient financial wherewithal, JR Produce ceased operations in mid-2008. In late 2008, Debtor approached JR Produce to purchase its operating equipment to

start new operations. An agreement was reached pursuant to which Debtor purchased JR Produce's operating equipment and took over its lease of business premises.

Since the end of 2008, Debtor has worked tirelessly to, first create, and thereafter, grow its business. From a startup in the end of 2008, Debtor has grown to the current level of 160-175 employees and revenues of $18-$20 million annually. Debtor has become a large part of the community, providing cut produce to numerous industries with distribution channels from San Francisco to Modesto, and from Monterey to Sacramento. Debtor has always remained current with its financial obligations to vendors and has provided the highest level of product and customer service to its customers.

When JR Produce ceased operations, a class action wage and hour lawsuit was instituted against it, which resulted in a judgment of over $1.9 million. Several years after Debtor commenced its operations, the plaintiffs that acquired a judgment against JR Produce commenced the identical action against Debtor based on a theory of successor liability, in the Superior Court of California for the County of San Francisco (the "State Court"), Case No. CIV464121. Unfortunately for Debtor, the State Court issued a verdict in favor of the plaintiffs, thereby saddling Debtor with an unmanageable judgment of over $1.9 million retroactive to the original judgment, resulting in fees, costs and interest of hundreds of thousands of additional dollars. The judgment at issue is presently in excess of $2.5 million (the "Judgment").

Debtor sought to negotiate a resolution with the plaintiffs to avoid disruption to its operations. The plaintiffs, however, did not engage in settlement discussions and, instead, commenced levy actions against Debtor.

The plaintiffs' execution on and efforts to enforce the Judgment directly and immediately threatens Debtor's ability to continue operating as a going concern. On June 22, 2015, plaintiffs levied on UPG's bank accounts at Umpqua Bank and Wells Fargo Bank based on the Judgment entered in the State Court on May 27, 2015. The plaintiffs' levies netted approximately $268,000, almost all of which was already obligated to Debtor's employees, producers and vendors. As a result of the levy, Debtor was unable to pay the salaries of at least

100 employees, and the payments to these employees bounced because the account funds were depleted. Approximately 20 payments to vendors totaling more than $100,000 similarly bounced. Other vendors with outstanding checks were contacted and asked to hold checks for deposit. The fees on the approximately 160 bounced checks itself totals over $5,500. The levied funds are currently in the possession of the San Francisco Sheriff's Department. Debtor has concurrently filed a motion seeking turnover of such funds to Debtor.

Debtor was forced to commence this bankruptcy case to stay such enforcement efforts to avoid irreparable harm to the Company, its vendors, its lenders and its customer base. Through the instant case, Debtor intends to restructure its financial affairs to emerge as a stronger and healthier company free of litigation to continue to be an important part of its community.

**B.    Primary Assets And Liabilities.**

As of the Petition Date, Debtor's assets consisted of:

- Cash in the approximate amount of $347,000;
- Accounts receivable in the approximate amount of $1,117,000;
- Inventory in the approximate amount of $148,000; and
- Furnishings, fixtures and equipment in the approximate amount of $700,000, based on book value).

Based on the foregoing, Debtor's asset base totals approximately $2,312,000. Once Debtor is successful in recovery of the levied funds, the asset base will increase by $268,000 to approximately $2,580,000.

Debtor's secured debt is composed of a first priority security interest in favor of Umpqua Bank ("UB") to secure an obligation in the approximate amount of $292,000 and a second priority security interest in favor of Wise Worth Consultants LTD ("WWC") in the amount of $100,000, for total secured debt in the approximate amount of $392,000. Accordingly, both UB and WWC are protected by substantial equity cushions.

In addition to the foregoing, approximately one (1) month prior to the Petition Date, the plaintiffs recorded an abstract of judgment to secure an asserted obligation of over $2.5 million.

The judgment is currently subject to a pending appeal, which has been stayed in light of the bankruptcy filing. In addition, Debtor is confident that the abstract of judgment is an avoidable preference based on 11 U.S.C. § 547(b) and other lien avoidance statutes and will be a general unsecured claim.

Moreover, based on the fact that Debtor is in the fresh produce business, Debtor has many P.A.C.A. creditors, who are entitled to priority treatment over other creditors of the estate based on P.A.C.A. trust provisions. *See, e.g., In re Kornblum & Co.*, 81 F.3d 280, 284 (2d Cir. 1996). Although Debtor has remained generally current on its P.A.C.A. obligations, such ordinary course obligations are generally in the range of $1 million at any given point in time in Debtor's business.

Finally, other than the disputed judgment claim of the plaintiffs in the amount of more than $2.5 million, which plaintiffs potentially assert is a secured claim on the basis of a recorded abstract of judgment (but which recordation constitutes an avoidable transfer), Debtor has approximately $400,000 of general unsecured debt.

## THIS COURT SHOULD AUTHORIZE DEBTOR TO RETAIN GB AS FINANCIAL ADVISOR AND INVESTMENT BANKER

**A.** **Qualifications, Expertise, Scope Of Employment and Compensation of GR.**

The Debtor requires the services of experienced and competent financial advisor to, among other things, assist the Debtor in valuing its assets on a going concern basis as well as on a liquidation basis. Such valuation is necessary to assist the Debtor, and the estate, in assessing the reorganization and the most prudent strategy to maximize value of the Debtor's assets.

GR is a national financial advisory firm that specializes in providing financial analysis and guidance to companies such as the Debtor. GR's valuation specialists have decades of experience providing valuation analyses and services to a wide range of businesses, including wholesale produce suppliers like the Debtor. GR has agreed to cap its fees and costs related to the valuation services at $20,000, which the Debtor believes is very reasonable.

In addition to the foregoing, the Debtor anticipates that the value of its assets and business will also be determined by the marketplace through a process managed by GlassRatner.

This process may result in a Section 363 asset sale or through a new value plan of reorganization. To plan, analyze and effectuate such strategy, the services of an investment banker are necessary. GR's bankruptcy advisory group is extremely experienced and competent and is able to provide the necessary investment banking services for the Debtor and its bankruptcy estate, which will include:

1. Preparing marketing information for distribution to interested parties;

2. Developing a list of prospective bidders;

3. Assisting the Debtor in marketing its assets;

4. Assisting with due diligence investigation;

5. Engaging in negotiations and procuring bids for the assets; and

6. Assisting the Debtor in obtaining court approval of a transaction, as well as closing such transaction thereafter.

In consideration of such investment banking services, GR has agreed to accept 6% of the sale price if a sale or similar transaction occurs. Moreover, in the event that an insider(s) is the Stalking Horse and acquires the assets on the same basis as the Stalking Horse asset purchase agreement, GR has agreed to reduce its compensation to 3% of the transaction.

It is anticipated that Adam Meislik and Nicholas Rubin, whose professional biographies are attached hereto as **Exhibit "B"**, will be the primary professionals at GR overseeing this engagement. A copy of the executed engagement agreement is attached hereto as **Exhibit "C"**.

**B.    GR'S Disinterestedness.**

GR has not received any pre-petition or post-petition retainer or other payments from the Debtor or anyone on behalf of the Debtor.

GR has not received any lien or other interest in property of Debtor or of any third party to secure payment of GR's fees or expenses.

GR will seek Court authority to be paid from Debtor's estate for any and all fees incurred and expenses advanced by GR, subject to the limitations set forth in the engagement agreement. GR recognizes that the payment of any such fees and expenses will be subject to

further Court order after notice and a hearing.

GR has not shared or agreed to share its compensation for representing Debtor with any other person or entity, except among its members.

GR will provide monthly billing statements to Debtor that will set forth the amount of fees incurred and expenses advanced by GR during the previous month.

GR understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of Debtor's employment of GR and of all professional fees and reimbursement of expenses that GR will receive from Debtor and Debtor's estate.

GR is not a creditor, an equity security holder or an insider of Debtor.

GR is not and was not an investment banker for any outstanding security of Debtor. GR has not been within three years before the Petition Date an investment banker for a security of Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtor.

Neither GR nor any member of GR is, nor was, within two years before the Petition Date, a director, officer or employee of Debtor or of any investment banker for any security of Debtor.

As set forth in the Declaration, to the best of GR's knowledge, GR does not hold or represent any interest materially adverse to the interest of Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason.

As further set forth in the Declaration, to the best of GR's knowledge, GR does not hold or represent any interest materially adverse to Debtor or Debtor's estate, and GR is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of GR's knowledge, other than as set forth above, GR has no prior connection with Debtor, any creditors of Debtor or its estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the

1 | United States Trustee.

2

3 | C. **_Nunc Pro Tunc_ Approval Of** GR's **Employment Is Appropriate.**

4 | Debtor is requesting approval of GR's employment to be made effective as of October 5,

5 | 2015. The Guidelines for this District permit retroactive employment of professionals if the

6 | application is made within fifteen (15) days. Here, the Application was filed within that time

7 | frame. In the last two weeks, GR has commenced interviewing the Debtor and analyzing its

8 | business operations.

9

10 | **CONCLUSION**

11 | Debtor believes that its employment of GR upon the terms and conditions set forth above

12 | is in the best interest of Debtor's estate.

13 | WHEREFORE, Debtor respectfully requests the Court to approve Debtor's employment

14 | of GR as its financial advisor and investment banker upon the terms and conditions set forth

15 | above.

16 | Dated: October 20, 2015                    UNITED PROSPERITY GROUP, INC. DBA THE
PRODUCE COMPANY

17

18 |                                            By: _____
                                               Soo Ming Yee, President
19

20 | Respectfully submitted by:

21

22 | By: __/s/ David B. Golubchik_____
David B. Golubchik
23 | Krikor J. Meshefejian
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
24 | Attorneys for Chapter 11
Debtor and Debtor in Possession
25 |

26

27

28

**EXHIBIT "A"**

DAVID B. GOLUBCHIK (SBN 185520)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  dbg@lnbyb.com; kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

In re:

UNITED PROSPERITY GROUP, INC. dba
THE PRODUCE COMPANY,

        Debtor and Debtor in Possession.

Case No. 3:15-bk-30897

Chapter 11 Case

**ORDER GRANTING APPLICATION OF DEBTOR FOR ORDER UNDER 11 U.S.C. §§ 327, 328 AND 330 AUTHORIZING THE RETENTION OF GLASS RATNER ADVISORY & CAPITAL GROUP, LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTOR**

On October 20, 2015, United Prosperity Group, Inc. dba The Produce Company, debtor and debtor in possession in the above-referenced chapter 11 case ("Debtor") filed an Application For Order Under 11 U.S.C. §§ 327, 328 And 330 Authorizing The Retention Of Glass Ratner Advisory & Capital Group, LLC ("GR") as Financial Advisor and Investment Banker To Debtor *nunc pro tunc* to October 5, 2015. There being no opposition to the Application, and for good cause shown, the Court hereby ORDERS as follows:

1.     Debtor is authorized to employ GR as its financial advisor and investment banker, with such employment effective as of October 5, 2015, upon the terms and conditions set forth in the Application, unless otherwise set forth in this Order.

2.     Under no circumstance shall GR represent Debtor where such representation is contrary to the interests of the bankruptcy estate.

3.     All funds paid to GR in connection with the representation approved pursuant to this Order are subject to review and final approval by the Court.

4.     Any terms contained in GR's engagement letter with Debtor, if any, that are contrary to the Bankruptcy Code or Rules are void.

5.     GR shall file applications for approval of fees and expenses in accordance with 11 U.S.C. §§ 326 – 331 (as applicable); Fed. R. Bankr. Proc. 2016(a), 2002(a), (c), and (k); B.L.R. 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (available on the court website at http://www.canb.uscourts.gov/). Fee applications that do not comply with the foregoing authority may be denied.

6.     The terms of this Order may be modified only upon notice to all creditors and the U.S. Trustee, and only after an actual hearing, regardless of whether there is any opposition.

**\*\*END OF ORDER\*\***

**EXHIBIT "B"**

# ADAM MEISLIK
## GlassRatner Advisory & Capital Group LLC

949-281-6458                                              ameislik@glassratner.com

## OVERVIEW

Mr. Meislik leverages his accomplished career, spanning twenty years in restructuring and corporate finance, into various roles for his clients, including Financial Advisor, Investment Banker, CRO, and Expert Witness. His clients have run the gamut, including companies, bank lenders and other secured and unsecured creditors, buyers, sellers, bankruptcy counsel and litigators, all in the context of workouts, insolvency proceedings, fund raising, M&A, and litigation. He provides expert testimony concerning transactions, feasibility, intangible/intellectual assets, valuation, solvency, and reasonably equivalent value issues.

Mr. Meislik combines lateral thinking and a proactive approach with a careful understanding of businesses beyond the financials -- evaluating and identifying advantage, assessing competitive environments, and industry trends. Having a holistic view of a company and its market enables him to derive non-obvious and effective solutions.

Mr. Meislik has a proven record of peak performance in advising, structuring, and executing in excess of 100 mergers, acquisitions, capital transactions restructurings, and litigation support assignments.

## PROFESSIONAL EXPERIENCE

**GLASSRATNER ADVISORY & CAPITAL GROUP, LLC, Irvine, CA        June 2012 - Present**
Senior Managing Director
- Team leader focusing on corporate finance, valuation, solvency, liquidity, strategy and personnel, in and out of bankruptcy as both an advisor and Expert Witness.
- Lead all aspects of engagements through entire lifecycle: lead generation, retention, case management, strategy and execution.

**XROADS SOLUTIONS GROUPS, LLC, Santa Ana, California        Mar. 2009 – May 2012**
Principal
- Team leader in corporate restructuring group focusing on corporate finance, valuation, solvency, liquidity, strategy and personnel, in and out of bankruptcy.
- Lead all aspects of engagements through entire lifecycle: lead generation, retention, case management, strategy and execution.

**ONIONOMICS LLC, Irvine, California        Dec. 2007 – Mar. 2009**
Managing Member
- Established a West Coast presence in technology corporate rescue and distressed M&A.
- Built a small network of turnaround experts to assist in operational aspects of engagements.
- Holding company for various personal investments.

**SALEM PARTNERS LLC, Los Angeles, California        Oct. 2006 – Dec. 2007**
Managing Director, Investment Banking
- Responsible for firm's technology vertical.  Provide advise to emerging growth technology companies on capital formation and business combinations.
- Revamped internal business processes and technology systems.
- Attracted and hired junior investment banking staff.

## PROFESSIONAL EXPERIENCE, *continued*

**CIBC WORLD MARKETS, California & Texas**                                1996 – 2006
Consultant, Investment Banking                                                          2005 – 2006
- Advised $250-million-revenue vertically focused software and services firm on business combination.

Executive Director, Investment Banking (San Francisco)                          *2000 – 2005*
- Oversaw all aspects of business and transactional development for firm, generating new clients and revenue on a consistent basis.
- Participated in managing day-to-day operations of software group, ensuring superior delivery of investment banking and advisory services to sophisticated and high-standards clients.
- Presented as firm and transaction-team leader to chief executives and CFOs of leading public and private companies at all stages of representation, from initial contact to final closing of transaction.

Executive Director, Investment Banking (San Francisco)                          *2000 – 2005*
- Determined and negotiated fees with clients.
- Developed strategic direction and vision for firm's executive management.
- Executed and negotiated on merger, acquisition, divestiture and restructuring transactions and projects in an involved and fully engaged capacity.
- Recruited, trained and motivated highly efficient professional staff, leveraging the best talent and maximizing effectiveness of firm's expertise and capabilities.
- Provided counsel and advice to senior management and boards of directors on a range of valuation, fairness and transactional matters.

Director, Investment Banking (Houston)                                                  1996 – 2000
- Recruited by *Oppenheimer & Company* to help establish and develop energy practice, oversee key aspects of business and transactional development, and generate new clients and revenue streams for firm.

**JEFFERIES & COMPANY, INC.,** Houston, Texas                             1993 – 1995
Associate, Corporate Finance
- Provided financial advisory services to energy sector clients for full service investment bank and institutional securities firm focusing on mid-cap and high-growth companies.
- Structured numerous public and private debt and equity offerings for oil and gas exploration, production and service companies.
- Performed comprehensive and rigorous analysis on all transactions using cash-flow projections, valuations, financing and business combination scenarios.

### BOARD MEMBERSHIPS
- EVANITX, a Governance, Risk and Compliance software company
- SENDIO, an email security provider
- LATERAL DATA, an e-discovery software and services company (previous)
- Origin Oil, a publicly traded bio-fuels technology provider (previous)

### EDUCATION
TULANE UNIVERSITY, FREEMAN SCHOOL OF BUSINESS, New Orleans, Louisiana
***Bachelor of Science in Management,*** 1993
- Majored in Finance

### SECURITIES LICENSES

- FINRA 62, 79 & 24



**George J. Demos, Senior Managing Director**

**GlassRatner Advisory & Capital Group, LLC**

George Demos has over 30 years of combined public accounting and private industry experience providing strategic solutions in critical operational and financial issues across various industries. Mr. Demos is a CPA and Certified Turnaround Professional and has filled the CFO role in several companies ranging in size from start-ups to $500 million entities. Prior to joining GlassRatner in 2012, George ran an advisory firm for 11 years that provided interim CFO and crisis management services. George has run both " in"  and "out" of court restructurings and advised on various acquisitions and divestitures.

George's operational experience coupled with restructure and reorganization background allow him to provide clients with effective integrated thinking to address critical business issues. Mr. Demos' industry experience includes CFO positions in distribution, medical practice management, insurance benefits, agriculture and food processing industries.

His consulting experience has included manufacturing, retail, not-for-profit, professional services, private security, construction, farming, dairy, food processing, and ESOP's where George has provided restructure, strategic planning, buy and sell side advisory services, operational reviews, crisis management, directorships and IT systems conversion services.

# EXHIBIT "C"



October 1, 2015

Soo Ming, President
c/o David Golubchik
United Prosperity Group, Inc.
60 Airport Blvd.
South San Francisco, CA 94080

## RE: United Prosperity Group, Inc. Financial Advisor/Investment Banker Engagement Letter Case no. 15-30897

This memo agreement confirms our understanding that **United Prosperity Group, Inc. dba The Produce Company** is engaging GlassRatner Advisory & Capital Group, LLC ("GlassRatner") as Financial Advisor and investment banker related to the Debtor's Chapter 11 case. It is understood that GlassRatner's employment and fees are subject to approval by the U.S. Bankruptcy Court.

It is our present understanding that our primary role will be in the capacity of providing valuation and investment banking services related to the Debtor's case.

### Scope of Services

**Valuation Services:**
GlassRatner will conduct valuations of the Debtor on going concern and liquidation value bases. The results of our valuations will be communicated in a written summary report prepared for the exclusive use of the Debtor.

**Investment Banking Services:**
As its exclusive financial advisor, GlassRatner will provide the following Investment Banking services:

1) Preparing an information memorandum for distribution to prospective bidders;

ATLANTA ▪ IRVINE ▪ LOS ANGELES ▪ MIAMI ▪ NEW YORK

19800 MacArthur Blvd ▪ Suite 820 ▪ Irvine, CA 92612 ▪ Tel 949 429 1288 ▪ Fax 949 743 0322 ▪ www.GlassRatner.com

2) Developing a list of prospective bidders for the Debtor's assets;

3) Assisting the Debtor regarding the marketing of the Debtor's assets;

4) Assisting bidders to perform diligence investigations with respect to the Debtor's assets, including assisting with respect to the development and management of a data room;

5) Obtaining bids for the Debtor's assets and engaging in negotiations with bidders to maximize proceeds from the sale of the Debtor's assets; and

6) Assisting the Debtor in its efforts to obtain Court approval for the sale of the Debtor's assets ("Transaction"), and assisting to close the Transaction.

The Company will furnish to GlassRatner such information as GlassRatner reasonably requests in connection with the performance of its services hereunder (all such information so furnished is referred to herein as the "Information"). The Company agrees that GlassRatner, in performing its services hereunder, will use and rely upon the Information without assuming any responsibility for independent investigation or verification thereof. Accordingly, GlassRatner shall be entitled to assume and rely upon the accuracy and completeness of all such Information. GlassRatner will assume that any forecasts and projections have been reasonably prepared and reflect the best currently available estimates and judgments of the management of the Company or the Company's other professionals, as the case may be, as to the matters covered thereby.

GlassRatner agrees that any non-public information relating to the Company or any potential Strategic Partner received by GlassRatner from or at the direction or request of the Company will be used by GlassRatner solely for the purpose of performing its services hereunder and that GlassRatner will maintain the confidentiality thereof except to the extent (a) such information is or becomes otherwise publicly available without breach of this agreement; (b) disclosure thereof is required by law or requested by any governmental agency or body (including through a subpoena or other valid legal process); or (c) GlassRatner discloses such information to a party that is bound by a confidentiality agreement acceptable to the Company.

**Compensation**

**Investment Banking Fees:**

Success Fee - We will be paid a success fee on the distinct scenarios outlined as follows:

§363 Asset Sale: If the Debtor's assets are sold pursuant to §363 of the Bankruptcy Code and a bid is received from an insider, GlassRatner will be paid three percent (3%) of the total sale price of the Debtor's assets if such insider's ultimate bid is both the Stalking Horse bid and the winning bid. In all other circumstances, GlassRatner shall be paid six percent (6%) of the total sale price of the Debtors assets.

**Hourly Fees:**

Our professional fees for the work performed on this matter, excluding the time specifically expended on services outlined under Investment Banking Services above (but including court attendance time and preparation thereof) are based on the number of hours worked at our standard hourly billing rates. Our firm's current standard hourly rates range from $225 to $650 per hour. Rates for the professionals that might be involved in this matter are set out below:

| | |
|---|---|
| Adam Meislik, Senior Managing Director | $650 |
| Nicholas Rubin, Senior Managing Director | $650 |
| Patrick Lacy, Vice President | $305 |
| Other Staff and Professionals | $225 – $575 |

Fees for valuation services provided to the Debtor will be capped at **$20,000**. Our fees are not contingent on the outcome of the matter or the results of our findings or opinions.

**Out-of-Pocket Expenses**

In addition to the other fees and expenses described in this agreement, and regardless of the outcome, the Client shall reimburse GlassRatner for its reasonable out-of-pocket expenses incurred from time-to-time in connection with its services. GlassRatner bills its clients for its reasonable out-of-pocket expenses including, but not limited to (a) travel-related and certain other expenses and (b) research, database and similar information charges. Such out-of-pocket expenses will not be included in the compensation computations as set forth above.

## Invoicing

We will submit our billings monthly or at other logical points during the engagement. Our fees are not contingent on the outcome of this engagement.

## Limitations

GlassRatner is not a public accounting firm. While our work may involve analysis of accounting records, the engagement does not include an audit or review of existing records in accordance with generally accepted auditing standards or standards for review engagements.

All working papers or other documents used by us during the course of this engagement will be maintained in segregated files. The working papers and other materials created by us during this engagement are our property. At the completion of our engagement, all of your documents will be returned to you at your request. Unless we are notified otherwise, or unless you request the files to be returned to you, we will work on the assumption that all documents in our possession may be destroyed one year from the completion of the engagement, or the passage of one year without our actively participating in the engagement.

Please note that it is not our practice to retain working papers, notes, or data files that have been updated or superseded. If you wish us to follow a different retention practice, please indicate your specific request(s) in writing when returning a copy of this engagement letter.

## Termination

Either party, in its sole discretion, for any reason whatsoever, may terminate this agreement immediately. If the Debtor terminates this agreement, GlassRatner shall be entitled to all unpaid expenses incurred pursuant to this agreement and the remaining unpaid balance of any fee, including success fees due as a result of a Transaction with any party contacted by GlassRatner prior to termination.

## Confidentiality

GlassRatner agrees not to disclose or permit the disclosure of any of the terms of this agreement or any information relating to the project to be performed hereunder, provided that such disclosure may be made (a) to any person who is an officer, director or employee of GlassRatner solely for their use in the performance of the services hereunder and on a need-to-know basis, (b) with the prior written consent of the Firm, or (c) pursuant to a subpoena or order

issued by a court, arbitrator or governmental body, agency or official. In the event that GlassRatner shall receive a request to disclose any of the terms of this agreement under a subpoena or order, GlassRatner shall (i) promptly notify the Company, (ii) consult with the Company on the advisability of taking steps to resist or narrow such request and (iii) if disclosure is required or deemed advisable, cooperate with the Company in any attempt it may make to obtain an order or other assurance that confidential treatment will be accorded those terms of this agreement that are disclosed.

## Miscellaneous

The Company agrees that no other financial advisor is or will be authorized by it while this agreement is in effect to perform services on the Company's behalf of the type which GlassRatner is authorized to perform hereunder. No fee payable to any other financial advisor either by the Company or any other entity shall reduce or otherwise affect the fees payable hereunder to GlassRatner, except as otherwise agreed to in writing by GlassRatner.

Our firm reviews its hourly rates each March 1 and you should anticipate an annual rate increase on March 1. If the date of this engagement letter falls within 6-months preceding March 1, then the rate increase will take effect on the following March 1.

The Company acknowledges that GlassRatner may transfer this agreement to its Broker-Dealer affiliate, GlassRatner Securities, LLC.

///INTENTIONALLY LEFT BLANK///

## Approval by Bankruptcy Court

Notwithstanding execution by either party, this agreement is effective only upon entry of an order by the Bankruptcy Court.

**Agreed:**

**GLASSRATNER ADVISORY & CAPITAL GROUP, LLC**

_Nicholas D Rubin_                                      **10/1/2015**
Nicholas Rubin                                            Date

**UNITED PROSPERITY GROUP, INC.**

Signature                                                    Date

Print Name

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document: **APPLICATION OF DEBTOR FOR ORDER UNDER 11 U.S.C. §§ 327, 328 AND 330 AUTHORIZING THE RETENTION OF GLASS RATNER ADVISORY & CAPITAL GROUP, LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 20, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M. Arnold    TMA@lnbrb.com
- Bart M. Botta    bart@rjlaw.com, angel@rjlaw.com
- Kathy Quon Bryant    kquonbryant@mlg-pc.com
- Martin D. Dioli    mdioli@terra-law.com, tpetredis@terra-law.com
- Gary M. Gitlin    GaryG@gitlinesq.com
- Julie M. Glosson    julie.m.glosson@usdoj.gov
- David B. Golubchik    dbg@lnbrb.com
- Iain A. Macdonald    iain@macfern.com, ecf@macfern.com
- Daniel A. McDaniel    damplc@pacbell.net, ngmplcs@pacbell.net
- Andrea D. McGary    assistance@themcgaryfirm.com
- Krikor J. Meshefejian    kjm@lnbyb.com
- Lawrence H. Meuers    lmeuers@meuerslawfirm.com, lrogers@meuerslawfirm.com
- Merle C. Meyers    mmeyers@mlg-pc.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
- R. Jason Read    jason@rjlaw.com, Katie@rjlaw.com
- Gregory A. Rougeau    grougeau@diamondmccarthy.com, MDomer@diamondmccarthy.com
- Spencer P. Scheer    sscheer@scheerlawgroup.com
- Kaipo K.B. Young    KYoung@BL-Plaw.com

**2. SERVED BY UNITED STATES MAIL**: On **October 20, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 20, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 20, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

Yang Wei Xi Produce
815 Larkspur Dr.
Millbrae, CA 94030-0000

Wise Worth Consultants, LTD
3A King George V Avenue
Floreal, Mauritius,

What a Tomato
2055 Jerrold Avenue
San Francisco, CA 94124-0000

Veritable Vegetable
1100 Cesar Chavez Street
San Francisco, CA 94124-1214

Umpqua Financial Pacific Leasing
P.O. Box 749642
Los Angeles, CA 90074-9642

Umpqua Bank
PO Box 2109
Portland, OR 97208-2109

Toyota Financial Services
PO Box 60116
City of Industry, CA 91716-0116

Thermo Fisher Financial Services, Inc.
81 Wyman St.
Waltham, MA 02454-0000

Stanley Produce
1975 Jerrold Avenue
San Francisco, CA 94124-0000

Shasta Produce
PO Box 2328
South San Francisco, CA 94083-2328

Sequoia Sales Produce
P.O. Box 728
Millbrae, CA 94030-0000

S&S Marketing and Sales Inc.
P.O. Box 3890
Salinas, CA 93912-0000

Rigo's Produce
131 Terminal Court #48
So. San Francisco, CA 94080-0000

Redwood Produce, Inc.
P.O. Box 3145
Redwood City, CA 94064-0000

Ratto Bros., Inc.
P.O. Box# 146
Salida, CA 95368-0146

Pro*Act LLC
24560 Silver Cloud Court
Monterey, CA 93940-6536

Petra Produce Inc.
P.O. Box 2265
So. San Francisco, CA 94083-0000

Pablo's Produce, Inc.
P.O. Box 829
Oxnard, CA 93032-0000

NMHG Financial Services-forklift
P.O. Box 643749
Pittsburgh, PA 15264-3749

NHMG Financial Services-PalletJack
P.O. Box 643749
Pittsburgh, PA 15264-3749

Millard Sales
255 Wildwood Wy.
Salinas, CA 93908-0000

Landsberg Co.
PO Box 101144
Pasadena, CA 91189-1144

J.C. Cheyne & Co
155 Terminal Court-Unit 38
So. San Francisco, CA 94080-0000

J. Gomez Produce Inc.
131 Terminal Ct., Stall 35
South San Francisco, CA 94080-0000

Isuzu Finance of America, Inc.
7865 Solution Center
Chicago, IL 60677-7008

InterFresh, Inc.
2019 W. Orangewood Avenue
Orange, CA 92868-0000

Guan's Mushroom Co.
P.O. Box 2861
Fremont, CA 94536-0000

GreenLeaf
453 Valley Drive
Brisbane, CA 94005-1209

Greenfield Fresh, Inc.
2910 Camino Diablo, Ste. 100
Walnut Creek, CA 94597-0000

Grant J. Hunt Company
P.O. Box 23545
Oakland, CA 94623-0545

General Produce Co., Ltd.
P.O. Box 308
Sacramento, CA 95812-0000

G.W. Palmer & Co., Inc.
231 Pomeroy St Suite F
Pismo Beach, CA 93449-0000

Franzella Produce Inc.
Golden Gate Produce Terminal #55-56
P.O. Box 2285
So. San Francisco, CA 94080-0000

Franzella Distributing
Golden Gate Produce Terminal
P.O. Box 2007
So. San Francisco, CA 94083-0000

Dan Avila & Sons
2718 Roberts Road
Ceres, CA 95307-0000

Coosemans San Francisco, Inc.
P.O. Box 11219
Tampa, FL 33680-0000

Coast Tropical III
229 Littlefield Avenue, Unit 1
Edgewater Distribution Center
S. San Francisco, CA 94080-0000

Classic Salads
525 Old Natividad
Salinas, CA 93908-0000

California Endive Farms
P.O. Box 638
Rio Vista, CA 94571-0000

Cali Fresh Produce -SF
125 Terminal Court#40C
So. San Francisco, CA 94080-0000

C.B. Edulis
131 Terminal Court unit No. 43, 45
So. San Francisco, CA 94080-0000

Brother's Produce
125 Terminal Court - Stall 63
Golden Gate Produce Terminal
So. San Francisco, CA 94080-0000

Bonita Packing Company, Inc.
PO Box 748010
Los Angeles, CA 90074-8010

Berti Produce S. F. Co.
1960 Jerrold Ave.
San Francisco, CA 94124-0000

Bay Area Herbs & Specialties (BAHS)
Golden Gate Produce Terminal,
Unit 40A
So. San Francisco, CA 94083-0000

Banner Fruit Co.
Golden Gate Produce Terminal
P.O. Box 2971
South San Francisco, CA 94083-2971

B&P Packing Co., Inc.
300 Nestles RD.
PO Box 847
Soledad, CA 93960-0000

Jauna Chavez, Luis Cabrera aka Luis Rea,
Martin Calamateo Cruz, Jose Hernandez, &
Certified Class c/o Liberation Law Group
2760 Mission Street
San Francisco, CA 94110-0000

Patti Sergent
P.O. Box 2839
Georgetown, TX 78627

Lone Tree Trucking, Inc.
P.O. Box 321
Byron, CA 94514

International Paper
1740 International Drive
Memphis, TN 38197

*Committee Counsel*
Meyers Law Group, P.C.
Attn: Merle C. Meyers, Esq.
44 Montgomery St., Ste. 1010
San Francisco, CA 94104

Julie M. Glosson
Office of the United States Trustee
235 Pine St. #700
San Francisco, CA 94104